IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| DE MONT R.D. CONNER, *et al.*, | CIVIL NO. 14-00350 DKW- RLP |
|---|---|
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |
| vs. | |
| OFFICE OF HAWAIIAN AFFAIRS, *et al.*, | |
| Defendants. | |

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiffs pro se De Mont Conner and Rachel Kailianu Conner assert fraud claims against the Office of Hawaiian Affairs ("OHA"), the Native Hawaiian Roll Commission, OHA Trustees, and several other state employees, sued both in their official and individual capacities. This Court previously denied the Conners' motion for temporary restraining order, holding that the Conners had not established a likelihood of success on the merits of any aspect of their complaint, although it was not clear at that time what claims their complaint was actually asserting. Dkt. No. 6. Defendants now move to dismiss the complaint. Because the Conners clarified in briefing and at the December 18, 2014 hearing that their

complaint is based on fraud, a claim over which this Court lacks subject matter jurisdiction, Defendants' motions to dismiss are granted.

## STANDARD OF REVIEW

Pursuant to Rule 12(b)(1), a defendant may move to dismiss a complaint for lack of subject matter jurisdiction. In a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the initial burden of proving that subject matter jurisdiction exists. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009).

## DISCUSSION

Because they are proceeding pro se, the Court liberally construes the Conners' pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). "Pro se litigants must [nonetheless] follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). The Court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

That said, "[f]ederal courts are courts of limited jurisdiction," possessing "'only that power authorized by Constitution and statute.'" *United States v. Marks*,

530 F.3d 799, 810 (9th Cir. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). The Conners bear the burden of establishing subject matter jurisdiction. At the pleading stage, a plaintiff must allege sufficient facts to show a proper basis for the Court to assert subject matter jurisdiction over the action. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006); Fed. R. Civ. P. 8(a)(1).

In general, a plaintiff in federal district court may establish subject matter jurisdiction in one of two ways. First, he may assert "federal question jurisdiction," based on allegations that a defendant violated the Constitution, a federal law, or treaty of the United States. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Second, a plaintiff may invoke the court's "diversity jurisdiction," which applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). As discussed more fully below, the complaint fails to satisfy the requirements for either federal question or diversity jurisdiction.

In order to establish federal question jurisdiction, the Conners must allege facts that are sufficient to state a plausible claim under federal law. In the

opposition brief, the Conners clarified that they "have clearly stated a cause of action, which presents a Question of Fact, to wit: Fraud and Conspiracy to commit fraud . . . ." Opp. Br. at 3. The Conners further simplified the basis of their entire complaint as seeking resolution of the following two-part question:

> Did OHA and Kanaʻiolowalu conspire to: 1.) Fabricate the number of people who "signed up" for the Native Hawaiian Roll Call; and 2.) Used the fabricated story to justify "taking" beneficiary trust funds for their own benefit, and NOT to benefit the Beneficiaries.

Opp. Br. at 3. Even giving the Conners the liberal construction that they are entitled to as pro se plaintiffs, it is plain that the gravamen of the complaint is a claim of fraud or conspiracy to commit fraud on the part of the defendants, as well as a breach of fiduciary duty in perpetrating the fraud in question. However, fraud, conspiracy to commit fraud, and breach of fiduciary duty are not claims arising under federal law. These are all claims arising under Hawaiʻi state law. *See, e.g., Avery v. GE Auto Ins. Program*, 243 Fed. Appx. 268, 268 (9th Cir. 2007) ("The district court also properly found no federal question jurisdiction because the [plaintiffs'] action, which alleged breach of contract, breach of fiduciary duties, bad faith, unfair and deceptive practices, fraud on the court, malice, and failure to defend, does not arise 'under the Constitution, laws, or treaties of the United States.'" (quoting 28 U.S.C. § 1331)); *Mather v. Nakasone*, 2013 WL 4788930, at *2 (D. Haw. Sept. 5, 2013) (holding that there was no federal question

4

jurisdiction because "breach of fiduciary duty and fraud . . . are state law claims"). Accordingly, there is no basis for federal question jurisdiction.[1]

There is also no basis for diversity jurisdiction here. Although federal courts can decide questions of state law, they may only do so "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). It is the Conners' burden to establish that there is complete diversity between the parties. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (explaining that § 1332(a) "requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants"). The complaint does not address the "citizenship" of the parties per se, but it does assert that the Conners are "residents" of Hawai‘i and that several, if not all, of the defendants are also "residents" of Hawai‘i. Given the lack of complete diversity of citizenship, this Court cannot decide the Conners' complaint that is based solely on allegations of state law violations.

---

[1] At the hearing, the Court advised the Conners that there did not appear to be federal question jurisdiction. In light of the Court's statements, the Conners admitted that fraud would not be a basis for a federal claim, but made reference to breach of fiduciary duty as well as Fifth Amendment "takings" as an alternative basis for their claims. The Court is not convinced by the Conners' belated attempts to secure a federal jurisdictional hook. Regardless of the label placed on the Conners' claim, the gravamen of the allegations of the complaint, as the Conners freely admit, center on defendants' alleged fraud or conspiracy to commit fraud.

Accordingly, this Court is without subject matter jurisdiction to adjudicate the Conners' complaint, and no amendment could cure that defect.[2] The Court expresses no opinion on the merits of the Conners' claims or whether those claims could be brought in another court.

## **CONCLUSION**

The Defendants' motions to dismiss (Dkt. Nos. 45 and 48) are hereby granted for lack of subject matter jurisdiction. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

DATED: December 31, 2014 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

De Mont Conner, *et al*. v. Office of Hawaiian Affairs, *et al*.; CV 14-00350 DKW-RLP; ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

---

[2]The Court does not address any of the other bases for dismissal raised by the defendants in their motions.